Case 4:26-cv-00970   Document 7   Filed 03/03/26 in TXSD   Page 1 of 3
United States District Court
Southern District of Texas
**ENTERED**
March 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUMBERTO DAVID VICENTE PEREZ, | § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00970 |
| PAMELA BONDI, *et al.*, | § § § | |
| Respondents. | § § | |

## ORDER OF DISMISSAL

The petitioner, Humberto David Vicente Perez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1. He has also filed a "Motion for Order to Show Cause" (Doc. No. 4) and a "Motion for Temporary Restraining Order" (Doc. No. 6).

While this case was pending, the Fifth Circuit decided *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing

§ 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition reflects that Petitioner is a noncitizen who entered the United States without inspection. Doc. No. 1 at 2. Petitioner does not plead facts to show that he has been lawfully admitted into the United States, and he does not so contend. He argues that, because he was already present in the United States at the time he was taken into mandatory detention, he was not "seeking admission" and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond. He argues that he has been miscategorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by *Buenrostro-Mendez, supra*. In addition, Petitioner's Fifth Amendment Due Process Clause claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded"). In sum, Petitioner's pleadings show that he is a noncitizen who entered without inspection and, therefore, he is an applicant for admission categorized under section 1225(b)(2), which provides for mandatory detention. *See Buenrostro-Mendez, supra.*

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1), "Motion for Order to Show Cause" (Doc. No. 4), and "Motion for Temporary Restraining Order" (Doc. No. 6) are **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. All other pending motions, if any, are **DENIED as MOOT**.

4. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to the decision in *Buenrostro-Mendez v. Bondi, supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED**.

SIGNED on this  3rd  day of March 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE